IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| William Jackson, | CASE NO. 1: 18 CV 1482 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| U.S. Attorney, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | |

William Jackson, a federal prisoner, has filed a *pro se* petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He was convicted in this Court, pursuant to a guilty plea, of one count of failing to remove asbestos prior to demolition, and one count of failing to dispose of asbestos waste, in violation of the Clean Air Act, 42 U.S.C. § 7413(c)(1), and 18 U.S.C. § 2. *See United States of America v. Gatterello, et al.*, Case No. 1: 14 CR 353-3.

In his petition, Petitioner contends he is actually innocent of the crimes for which he was convicted and that exculpatory evidence demonstrating his innocence was withheld from him by prosecutors. (Doc. Nos. 1 and 6.) He has also filed a motion "for relief from judgment" pursuant to Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 7.)

A district court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). The court must deny a

petition on initial review if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The petition must be dismissed. The primary avenue for a federal prisoner to challenge a conviction or sentence is through a motion under 28 U.S.C. § 2255. Section 2241 is the appropriate avenue for a prisoner to challenge "the execution or manner in which the [prisoner's] sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may challenge his conviction or sentence via § 2241 only in limited circumstances, when it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the Petitioner. *See In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Petitioner has not shown that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Baldwin v. United States*, 412 F. Supp.2d 712, 716 (N.D. Ohio 2005). He has not filed a motion under § 2255, which is ordinarily required before a federal court will entertain a *habeas corpus* petition by a federal inmate. *See* 28 U.S.C. § 2255(e) ("An application for a writ of *habeas corpus* in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . .").

Accordingly, the petition for a writ of *habeas corpus* in this case under § 2241 is denied, and this action is dismissed. Petitioner's motion for relief from judgment under Fed. Civ. R. 60 is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2018